IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01249-MSK-MEH

MARSHALL W. VAGLE,
FORRESTER FINANCIAL, LLC, and
TED KARKUS,

    Plaintiffs,

v.

THE SPECTRANETICS CORPORATION,
JOHN G. SCHULTE,
CRAIG M. WALKER, M.D.,
JONATHAN W. MCGUIRE,
GUY A. CHILDS,
EMILE GEISENHEIMER,
STEPHEN D. OKLAND, JR.,
ROGER WERTHEIMER,
OBINNA ADIGHIJE, also known as Larry Adighije, and
TRUNG PHAM,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiffs' Motion for Discovery [filed August 26, 2010; docket #33]. The motion is referred to this Court for disposition. (Docket #34.) For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion.

**I.    Background**

Plaintiffs bring this action pursuant primarily to the Securities Exchange Act of 1934 [hereinafter Exchange Act]. (*See* docket #39.) Plaintiffs are investors who allege they "collectively lost nearly $1.5 million when Defendants failed to disclose and made false and misleading statements about the business prospects of the Spectranetics Corporation." (Docket #31 at 3

(scheduling order statement of claims).) Plaintiffs inform the Court that they are "opting-out of the securities fraud class action (Case No. 08-cv-02048-REB-KLM) which has resulted in an $8.5 million settlement that, if approved, will be distributed on a *pro rata* basis to hundreds, if not thousands, of Spectranetics investors." (*Id.*)

At the scheduling conference originally set for August 23, 2010, and vacated the same date, the Court instructed Plaintiffs to file their motion for discovery to proceed on or before September 3, 2010, in light of Defendants' request for a stay of discovery. (*See* docket #32.) Plaintiffs filed the motion at hand on August 26, 2010, contending that the Private Securities Litigation Reform Act's [hereinafter Reform Act] mechanism for a stay of discovery does not apply to this case, due to Plaintiffs' assertion of state law claims in addition to violations of the Exchange Act.

Defendants offer four reasons why Plaintiffs' motion should be denied. First, Defendants moved the Court presiding over this case for enforcement of the injunction imposed in the class action, Case No. 08-cv-02048-REB-KLM, by Judge Blackburn "enjoining Plaintiffs from continued prosecution of this case." (Docket #46 at 8 n.1; *see* docket #43 (motion to enforce).) Second, Defendants aver that Plaintiffs' amended complaint "admit[s] that the claims asserted 'arise under' the Exchange Act." (Docket #46 at 9.) Thus, the matter fits into the provisions of the Reform Act automatically staying discovery during the pendency of any motion to dismiss, despite Plaintiffs' inclusion of state law claims mirroring the federal securities claims. (*Id.* at 9-10.) Third, Defendants challenge Plaintiff's statement that they are "opting-out" of the class action, as "Plaintiffs attempted to be appointed lead plaintiff in that case three different times but lost each time." (*Id.* at 10.) Defendants represent that the class action court has not lifted the Reform Act discovery stay in that case, and "Plaintiffs here should not be put in a better position than if they were appointed lead plaintiff in the related securities class action." (*Id.*) Fourth, Defendants couch Plaintiffs' efforts in

this action as "a coercive effort to obtain a larger recovery for themselves." (*Id*.) Defendants believe the Court should maintain a Reform Act stay as one of the Reform Act's "main functions" is the prevention of "coercive discovery costs." (*Id*. at 11.)

Plaintiffs did not offer a reply, and to date, have not refuted Defendants' four arguments.

## II. Discussion

In any private action arising under Chapter 2B governing Securities Exchanges, Section 78u-4(b)(3)(B) of 15 U.S.C. prescribes a stay of "all discovery and other proceedings . . . during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B) (West 2010). Here, Defendants filed a motion to dismiss Plaintiffs' initial complaint on August 9, 2010. (Docket #24.) Plaintiffs then submitted an amended complaint on September 3, 2010. (Docket #39.) On September 14, 2010, the Court accepted the filing and permitted Defendants until November 9, 2010, to answer or otherwise respond. (Docket #42.) The original motion to dismiss is still identified as pending on the docket. Defendants filed their Notice of Court Order in Related Case and Motion to Enforce Injunction on September 15, 2010. (Docket #43.) Plaintiffs have not yet responded.

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, however Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Judge Krieger instructs the parties in her Practice Standards that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G.

3

Because the amended complaint is now the governing pleading in this matter, and Defendants have not filed a motion to dismiss in response to the amended complaint, the Court does not believe the Reform Act's mandatory stay could technically apply at this time, even in light of Defendants' representations that they will be filing a motion to dismiss. However, the Court does believe the motion to enforce the injunction allegedly prohibiting Plaintiffs from prosecuting this action implicates a stay of discovery in this proceeding. Although a stay of all discovery is generally disfavored in this district,[1] the Court finds that the circumstances of this matter present an unusual situation requiring comity in consideration of another district judge's order potentially applicable in this related proceeding. This Court believes such comity dictates restraint in pushing this matter forward before the applicability of Judge Blackburn's order is adjudicated. Thus, the Court concludes that denial without prejudice of Plaintiff's motion is warranted. For now, discovery is hereby stayed, pending a decision on the motion to enforce injunction.

### III. Conclusion

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Discovery [filed August 26, 2010; docket #33]. Discovery in this case is hereby **stayed** until further order of the Court. The parties shall file a status report within *five business days* of an order on the motion to enforce, indicating the parties' intentions regarding the progression of this matter.

Dated at Denver, Colorado, this 6th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).